990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas Frederick KRANTZ, Petitioner-Appellant,
v.
Jack McCORMICK, Warden, Montana State Prison, Respondent-Appellee.
 No. 92-36848.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 5, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Thomas Frederick Krantz, a Montana state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. Krantz contends that his due process right to a fair trial was violated because the jury verdict was not unanimous and that Montana R.Evid. 606(b) should not be used to bar evidence that his jury was not unanimous.[1] We have jurisdiction under 28 U.S.C. § 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 
 3
 A federal court deciding a habeas case of a state prisoner can only review whether the prisoner's constitutional or other federal rights have been violated. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). Although Montana law requires a unanimous jury verdict, Mont.Code Ann. §§ 46-16-601 and 46-16-603 (1987), a unanimous jury verdict is not required by the Constitution. Apodaca v. Oregon, 406 U.S. 404, 412 (1972); Johnson v. Louisiana, 406 U.S. 356, 363 (1972). Moreover, in a habeas case, where federal evidentiary rules apply, a juror cannot testify as to how the jury arrived at its verdict unless it did so under the influence of extraneous prejudicial information. Fed.R.Evid. 606(b); Rushen v. Spain, 464 U.S. 114, 121 n. 5 (1983). Mont.R.Evid. 606(b) is substantially similar to the federal rule.
 
 
 4
 Here, Krantz claims that he has evidence concerning one juror who stated that he decided to convict Krantz on both counts in order to make certain that Krantz would serve a long sentence. Although this testimony may indicate that the jury's verdict on both counts was not unanimous, the Constitution does not require a unanimous verdict. See Johnson, 406 U.S. at 363. Moreover, such evidence is of the type that is barred by Fed.R.Evid. 606(b). See Rushen, 464 U.S. at 121 n. 5. Therefore, Krantz's claim is without merit.[2]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Krantz raises an eighth amendment claim concerning his sentence, which was not raised in the district court or in state court, and is therefore waived. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987)
 
 
 [2]
 Krantz's request for oral argument and appointment of counsel is denied